Day, Chief Judge.
The case originated on exceptions to the final account of a guardian in the Probate Court of Butler county. A brief statement will present the only question necessary to be considered.
The plaintiff during her miuority inherited an estate from her mother who died in 1855. The defendant, her father, was appointed her guardian, September 6, 1856. He filed his first account for settlement, March 15, 1861, which was examined and approved by the court. On July ;27,1863, he filed his second account, which was settled and approved by the court. The ward attained the age of majority, May 6, 1866. On March 23, 1870, the guardian filed his third account for settlement. The plaintiff then appeared and filed exceptions to the several accounts filed by the guardian. The court sustained the exceptions to each of the accounts.
The case was appealed to the court of common pleas, *19 which also sustained the exceptions to each account filed in the probate court, and rendered judgment accordingly.
The defendant took the ease on error to the district court, which held that the court of common pleas erred in opening up and modifying the settlements of the guardian made in 1861 and 1863, and reversed the judgment of that court. The case having been taken up on an agreed statement of the facts, the district court rendered a final-judgment on the merits of the case.
The plaintiff prosecutes this petition in error to reverse the judgment, of the district court, and to affirm that of the common pleas.
If the district, court was right in holding that the- settlements of 1861 and 1863 were to be regarded as final and conclusive between the parties in the proceeding then before it, we see no ground for disturbing its judgment on the merits of the case; nor does the plaintiff in-argument-question the judgment on that ground.
The only question to be determined, then, is,, whéther the partial settlements of the guardian, made during the continuance of his office, are to be regarded as fiua-1 between him and his ward. The question is purely statutory, and depends upon the construction to be given to the statutes then in force which relate to the subject. "We are not advised that the question has been decided in this state, and the decisions of the courts of other states, to which we - are referred, are based on statutes differing from our own, and therefore afford us little aid. How then stands the question upon the statutes of this state?
The constitution of 1851 gives to the probate court juris-, diction in the appointment of guardians and the settlement of their accounts. Art. 4, see. 8. The second section of the probate act also confers upon the probate court power to settle the accounts of guardians; and the 20th section, requires the probate judge to publish notice of the filing of any accounts by guardians, and to specify when exception thereto may be heard. The statute in force when the guardian act was passed, and when the settlements in ques *20 tion were made, provides that an appeal may be taken from any order, decision, or decree of the probate court, in settling the accounts of a guardian (S. & C. 1218). It also provides that a record shall be kept of all partial and final accounts of guardians, within sixty days after the filing and approval of the same (S. & C. 1219).
This was the state of the law in regard to the powers and duties of the probate court in relation to the settlement of guardian accounts, in 1858, when the several statutes concerning guardian and ward were revised and consolidated into one act (S. & C. 670). By the revision, the statutes that had been passed under the old constitution were adapted to the powers conferred upon the probate court by the constitution of 1851.
The defendant was appointed guardian in 1856, under the guardian act of 1824. That act was repealed by the act of 1858, which was in force when the settlements in question were made, and controls the case.
But a brief reference to the act of 1824, so far as it relates to the present question, will aid us in the proper construction of the present act, which was substituted for it.
It was provided in section 5 of that act (2 Chase’s Stat. 1317): “ That it shall be'the duty of every guardian, . . . within three years after his appointment, . . . and at the expiration of every two years thereafter, to settle his account with such ward or wards before the court of common pleas by which he may have been appointed, . . . which settlement shall be final between the parties thereto, saving, however, to any such ward or wards the right of opening and reviewing the'same, in chancery or elsewhere, upon good cause shown, at anytime within two years after said ward or wards shall arrive at full age.”
This enactment leaves no room to doubt that under the statute as it stood when the present act was substituted for it, each successive settlement of a guardian was a finality, unless opened as therein provided.
In the 174th section of the administrators’ act, as revised in 1840 (S. & C. 599), it is provided that upon every settle *21 ment of an account by an executor or administrator, all his former accounts may be so far opened as to correct any mistake or error therein. But in the revision of the guardian laws in 1858 no provision like that in the administrators’ act was inserted. Provision was made, however, to attain the same end, in thq manner provided in the 5th section of the guardian act of 1824.
It only remains, then, to show that, in relation to the settlement of the accounts of guardians, in the revision of 1858, the legislature, instead of adopting the provision contained in the administrators’ act, preserved and continued the analogous provision of the act of 1824.
The 14th section of the act of 1858 makes it the duty of the guardian “ to render on oath to the proper court an account of .the receipts and expenditures of such guardian, verified by vouchers or proof, at least once in every two yearsand, “ at the expiration of his trust, fully to account for and pay over to the proper person all the estate of said ward remaning in his hands.” By these provisions a guardian is required to settle his account with his ward in the proper court a3 often as that duty was cast upon him by the act of 1824.
But it is said that section 14 does not require biennial settlements, but only biennial reports of the condition of the estate, and that no settlement is contemplated but the one made on the rendition of the final account. This construction is rebutted by a subsequent clause of the same section, which requires the guardian to loan the money of his ward, and provides that “ he shall, at each settlement, account for all the interest he may receive on the money so loaned.” This clause conclusively shows that the final account is not the only settlement contemplated by the act. On the contrary, it clearly shows that each biennial account, in the contemplation of the act, is regarded as a settlement, for otherwise the words “ each settlement ” have no meaning. The act of 1858, then, equally with that of 1824, required of the guardian biennial settlements.
This view of section 14 of the act of 1858- harmonizes *22 with the language and policy of section 31 of the same act. The section, so far as material to the present ease, is as follow's : “ The settlement made in the probate court of the accounts of a guardian shall bo final between him aud his ward, unless an appeal is taken therefrom to the court of common pleas in the manner provided by law ; saving, however, to any such ward the right of opening and reviewing such settlement for fraud or manifest mistake, by petition filed in the form prescribed in the code of civil procedure of this state, in the probate court in wdiicli such settlement was made, or the probate court of the county where such guardian may reside when the petition is filed, at the option of the plaintiff in such action, at any time within tw'o years after said ward shall arrive at age.”
The language used in this section does not limit i(s provisions to the final settlement, but it is general in its terms and equally applicable to each account rendered, or settlement made, by the guardian.
■ Except in special cases provided for, section 14 contains the only provision of the act requiring the guardian to settle his accounts in the probate court; and the duty is there expressed only in the requirement that he shall “account” to the court. Indeed, throughout the act, settling or accounting in the probate court are terms used to express the same idea or duty.
In that section such settlement is enumerated, in general terms, as one of his duties in all cases. Section 31 is in equally general terms, alid plainly refers to the general requirement in section 14, imposing upon the guardian the duty of settlement every two years. The object, then, of sectiou 31 is to declare the effect of “the settlement made in the probate court of the accounts of a guardian.” Not of the fiual account, but of the “ accounts” required of the guardian. Such settlement is declared to be fiual betw'een him aud his ward.'
In this view of section 31, no new principle in regard to the settlement of guardian accounts was introduced, but that which had ever been the statutory policy of the state *23 was preserved. Had it been the legislative intent to change this policy by section 31, different language would have been employed. On the contrary, the legislative purpose to continue the provision of the act of 1824, relative to the finality of the biennial settlements of a guardian, in force, is evinced by the context of the section; for, instead of following the administrators’ act as to opening accounts, it adopted, in its revision of the guardian act of 1824, the same saving as to the right of the ward to open and review such settlement, at any time within two years after the ward arrives at full ago, that was contained in that act.
It is said that the failure to provide, in the guardian act, for the review of a partial settlement, on the succeeding settlements, is a legislative oversight. Our construction of section 31 relieves the legislature from this imputation; for in saving the right of the ward, to open and review every settlement of the guardian within two years after arriving at age, it provided ample means of review, and that provision was not needed for that purpose. The omission, however, clearly shows thatyour construction of the section is in accordance with the legislative intent — that each settlement, made with the probate court pursuant to law, should be final between the parties, subject, however, to be opened and reviewed in the manner expressly provided.
The provisions of sections 14 and 31 of the act of 1858, relating to the question before us, may, then, be properly read together, as they are written in one section in the act of 1824 — that the guardian shall settle, or render his account to the probate cour’t, at least once in every two years; and that “the settlement made in the probate court, of the accounts of a guardian, shall be final between him and his ward,” unless an appeal be taken therefrom, or the settlement be opened, as provided in the statute.
It is said also that this construction of the statute deprives the plaintiff of all remedy assto the two settlements in question, although the guardian did not make his final settlement until nearly four years after she became of age. If so, it is the fault of the plaintiff, and not of the law, for, *24 upon our construction of it, she might have obtained, a review of those settlements at any time within two years after she arrived at full age. Nor was it necessary for her to wait so long for the final settlement of the guardian, for the statute afforded lior ample means to enforce an earlier settlement. The statute is not wanting in provisions to secure the rights of a ward, nor, on the other baud, is it regardless of the lights of a guardian.
The view we have taken of the case brings us to the conclusion that the judgment of the district court must he affirmed.